UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANNY HAWKINS, | CASE NO. C05-1586-JCC-MAT |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| AMY CALDERWOOD, et al., | |
| Defendants. | |

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a corrected application for leave to proceed *in forma pauperis* by a prisoner ("IFP application"). Plaintiff alleges in his proposed complaint that officials at the King County Jail were negligent in maintaining the showers at the Jail and this negligence led to plaintiff slipping, falling and injuring his back. (Dkt. #4, Proposed Complaint at 3). Plaintiff alleges that after he became injured, he brought the condition of the showers to the attention of the Jail but the Jail either lost or did not respond to his grievances. Plaintiff then notified the Ombudsman for King County and received a letter in response advising him that the Jail had been informed of the situation and was taking steps to correct the problem. (Dkt. #4, Exhibit attached to proposed complaint).

REPORT AND RECOMMENDATION
PAGE -1

01      In order to state a cause of action under § 1983, plaintiff must allege that Jail officials demonstrated "deliberate indifference" to plaintiff's safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). In order to be liable, the officials must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Id.*

      Here, however, plaintiff does not allege that Jail officials were aware of the condition before plaintiff injured himself – he merely alleges that he informed officials *after* he fell and injured his back. Therefore, plaintiff does not allege that officials acted with deliberate indifference to his safety. *Cf. Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998) (finding deliberate indifference when prison officials ignored request for transfer by inmate who (1) was using crutches in a unit with non-accessible showers, (2) had submitted several grievance forms to advise jail officials of the risk he faced, and (3) had his request supported by a prison doctor who stated that inmate should be placed in the disabled unit).

      Therefore, plaintiff's complaint fails to state a claim upon which relief can be granted, and should be dismissed without prejudice. Plaintiff's IFP application may be denied as moot. A proposed Order accompanies this recommendation.

      DATED this  13th  day of  October , 2005.

                                    *[signature]*
                                    Mary Alice Theiler
                                    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2